## McLAUGHLIN v. FIRST NATIONAL BANK, ETC.

*Appeal from Winneshiek District Court — Saturday, December 14.*

#### FORCIBLE ENTRY AND DETAINER.

THIS proceeding was commenced before a justice of the peace, charging that defendants, etc., by force, etc., entered upon certain real property in the prior actual possession of plaintiff. It is alleged that at the time of such entry, plaintiff was, and, for more than a year prior, had been, in such possession. The answer admits possession of a portion of the premises claimed, but insists that defendants held in their own right, having the legal title. Plaintiff was unsuccessful before the justice; appealed to the District Court, where the jury returned this verdict: "We find the defendant guilty, and that plaintiff

only had possession of the land that the house occupied." Plaintiff then moved, that defendant be removed from the premises, and he be put in possession. This was overruled, and plaintiff appeals.

*Bullis* and *Noble* for the appellant — *Cooley & Clark* for the appellee.

WRIGHT, J. — Upon a record so utterly barren of the facts upon which the court below acted in disposing of the motion for rendition, we are not disposed to hold there was error to plaintiff's prejudice.

The verdict of the jury is the first intimation we have, that there was any house on the premises claimed. The evidence must, of course, have developed something upon this subject, but what, we cannot tell. And therefore, as defendants set up a claim to a strip larger than that claimed by plaintiff, and as we do not know where this house was situated, we have no means of knowing how much influence its location and occupancy may have had on the mind of the court in overruling said motion.

Then again, all right of plaintiff to the possession may have expired before the final trial — the possession of defendants may have been eminently rightful, and there is nothing to show to the contrary; and if so, the court could properly withhold the warrant for removal. Defendants were required to pay costs, and we cannot say that plaintiffs were entitled to any other order.

Affirmed.